

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/7/2022

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

SHARON SPRAYREGEN
phone: (212) 356-0873
email: ssprayre@law.nyc.gov

March 4, 2022

**BY ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Defendants' application is granted in part and denied in part. The Court grants requests one and two below. Requests three and four are denied. The initial case management conference will proceed as scheduled. The Court will address the requested discovery stay at the conference.

SO ORDERED:
Katharine H Parker
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
3/7/2022

Re: *Goring v. Carter, et al.*, 21-cv-8989 (AJN) (KHP)

Your Honor:

I am the Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York assigned to the defense of the above-referenced matter on behalf of Defendants Carter, Guerra, and Horton. Plaintiff, who is incarcerated, alleges that the conditions of his confinement at the Vernon C. Bain Center (VCBC) violated his constitutional rights.

I write to respectfully request: (1) a four week *nunc pro tunc* extension of time to respond to the *Valentin* Order of December 6, 2021 (Dkt. No. 7), from February 7, 2022 to March 7, 2022 (2) an extension of time for Defendants to respond to the Complaint in order to afford Plaintiff the opportunity to amend his Complaint in response prior to Defendants filing their anticipated motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6); (3) an adjournment, *sine die*, of the initial conference currently scheduled for March 10, 2022, at 10:00 a.m.; and (4) a stay of discovery pending a decision on Defendants' anticipated fully-dispositive motion. Based on Defendants' waivers of service dated January 4, 2022 (Dkt. No. 12), their response to the Complaint is currently due by March 7, 2022. This is Defendants' first request for an extension of time to respond to the Complaint and the second request to adjourn the initial conference. Because Plaintiff is incarcerated and proceeding *pro se*, the instant application is made directly to the Court.

## Factual and Procedural Background

Plaintiff is one of a number of individual plaintiffs, along with lead *pro se* plaintiff Michael Lee, in a putative class action. *See Lee v. Carter, et al.*, 21-cv-8629 (PAE) (RWL). In that action, all of the plaintiffs alleged that their constitutional rights were violated when, on October 5, 2021, while in the custody of the New York City Department of Correction ("DOC") VCBC Housing Unit 3-AA, they were allegedly deprived of toilet paper, soap, and a

toothbrush for two to three days, and were not given any food or water for seven to eight hours. *See Lee* Cmpl. Dkt. No. 1 at 4, 5.

By order of the Chief Judge dated November 1, 2021, that action was severed into separate actions wherein each individual plaintiff would appear on his own behalf and plead "his own unique circumstances." *See Lee* Dkt. No. 43. Accordingly, the November 1, 2021 Order became the initial filing in the above-referenced action. *See* Dkt. No. 1.

On December 6, 2021, the Court directed The New York City Law Department to identify the "Captain John Doe, a VCBC Captain supervising the intake area at VCBC on October 5, 2021." *See* Dkt. No. 7. The Court further directed Plaintiff to file an amended complaint naming the newly-identified individual as a defendant within 30 days of receiving this information. *Id*. Due to an oversight on my part, the response to the *Valentin* order was not mailed to Plaintiff. I will send the response to the *Valentin* Order to Plaintiff on Monday, March 7, 2022. I apologize to Plaintiff and the Court for this oversight.

**Basis for Defendants' Anticipated Motion to Dismiss**

The Complaint fails to state a claim and should be dismissed. Even accepting the material facts alleged in the Complaint as true and construing all reasonable inferences in Plaintiff's favor, *see Phelps v. Kapnolas*, 308 F.3d 180 184 (2d Cir. 2002), the Court has two equally valid bases to dismiss this action. First, although DOC has a well-established and robust grievance process, it is clear that Plaintiff could not have exhausted those steps prior to joining the *Lee* action. This is because the alleged deprivations and events occurred on October 5, 2021 but Plaintiff signed the *Lee* complaint only two days later, on October 7, 2022. As provided by the Prison Litigation Reform Act ("PLRA"), "no action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This mandatory exhaustion requirement includes complaints based on a prisoner's conditions of confinement. *See* 18 U.S.C. § 3626 (defining the term "civil action with respect to prison conditions" to mean "any civil proceedings arising under Federal law with respect to the conditions of confinement…"). If it appears from the face of the complaint that a plaintiff has failed to exhaust his administrative remedies or that non-exhaustion is otherwise apparent, a court may decide the issue of exhaustion on a Rule 12(b)(6) motion. *See, e.g., Hickman v. City of New York*, No. 20-4699, 2021 U.S. Dist. LEXIS 152345, at *2 (S.D.N.Y. Aug. 12, 2021) ("[C]ourts in this District routinely grant motions to dismiss where a plaintiff's non-exhaustion is clear from the face of the complaint.").

Second, Plaintiff fails to state a cognizable claim because the temporary conditions of which he complains – that he was allegedly deprived of toilet paper, soap, and toothbrushes for two to three days, and food and water for seven to eight hours – do not constitute an objectively serious deprivation as is necessary to support his conditions-of-confinement claim. To establish that his Fourteenth Amendment rights have been violated, Plaintiff must satisfy a test with two prongs, one objective and one subjective. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). As to the objective prong, Plaintiff must "show that the conditions [of his confinement], either alone or in combination, pose an unreasonable risk of serious damage to his health . . . ." *Id.* at 30 (internal quotations omitted). With respect to the

subjective prong, Plaintiff must show that a "defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Here, Plaintiff's allegations concerning brief denials of hygienic products, food, and water are insufficient to meet the first prong, and Plaintiff has not adequately articulated how any individual Defendant recklessly acted. Therefore, the Court should dismiss this action on this separate basis.

**<u>Extension of Time to Respond to the Complaint and Adjournment of the Initial Conference</u>**

In order to facilitate judicial efficiency, and to permit Defendants to submit a single response to the operative pleading, Defendants respectfully request an extension of time to respond to the Complaint until 30 days following my Office's receipt of Plaintiff's forthcoming Amended Complaint, naming the John Doe VCBC Captain as a Defendant. In the alternative, should Plaintiff decline to file an Amended Complaint, Defendants propose to file their motion to dismiss the Amended Complaint no later than May 2, 2022.

Given that Defendants anticipate responding to the Amended Complaint with a fully-dispositive motion, and because Defendants seek a stay of discovery pending a decision on their motion, Defendants respectfully submit that the initial conference is no longer necessary. Accordingly, Defendants respectfully request that the Court grant an adjournment, *sine die*, of the initial conference currently scheduled for March 10, 2022, at 10:00 a.m.

**<u>Stay of Discovery</u>**

Defendants also respectfully request that discovery be stayed pending the Court's determination on their anticipated motion to dismiss. To determine whether to stay discovery pending a party's motion, courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *O'Sullivan v. Deutsche Bank AG*, 17-CV-8709, 2018 U.S. Dist. LEXIS 70418, at *4 (S.D.N.Y. Apr. 26, 2018) (citation omitted). Courts have stayed discovery where a motion "appears to have substantial grounds." *Zeta Global Corp. v. Maropost Mktg. Cloud*, 20-CV-3951, 2020 U.S. Dist. LEXIS 154634, at * 2 (S.D.N.Y. Aug. 25, 2020). Further, a stay of discovery for the limited purpose of determining Defendants' motion to dismiss is unlikely to be unduly prejudicial to Plaintiff in light of the strength of Defendants' motion. *Pen Am. Ctr., Inc. v. Trump*, 18-CV-9433, 2020 U.S. Dist. LEXIS 97038, at *4 (S.D.N.Y. June 2, 2020) (finding good cause to stay discovery pending the defendant's motion to dismiss because such did not prejudice the plaintiff). Here, Defendants have substantial grounds to move to dismiss as discussed above. Accordingly, Defendants respectfully request that discovery be stayed pending a decision on their anticipated motion to dismiss.

I thank the Court for its consideration of the herein requests.

Respectfully submitted,

/s/

Sharon Sprayregen
Assistant Corporation Counsel

<u>**By First Class Mail**</u>
Lasalle Goring
Plaintiff *Pro Se*
B&C 5412100443
Anna M. Kross Center (AMKC)
18-18 Hazen Street
E. Elmhurst, NY 11370