UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LASALLE GORING,

                   Plaintiff,

                   v.

N.Y.C./D.O.C./V.C.B.C. WARDEN CARTER;
N.Y.C./D.O.C./V.C.B.C. CAPTAIN GUERRA; 3-
AA HOUSING UNIT CAPTAIN;
N.Y.C./D.O.C./V.C.B.C. CAPTAIN JOHN DOE
INTAKE SUPERVISING CAPTAIN;
N.Y.C./D.O.C./V.C.B.C. CAPTAIN HORTON,

                   Defendants.

21-CV-8989 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Lasalle Goring, proceeding *pro se*, filed this action alleging that his constitutional rights were violated while in the custody of the New York City Department of Correction. He has since failed, however, to respond to Court orders or otherwise prosecute the action. Accordingly, and for the reasons set forth below, the Court dismisses this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, albeit without prejudice.

## BACKGROUND

On October 19, 2021, Goring, along with lead *pro se* plaintiff Michael Lee and several other individual plaintiffs, filed a putative class action complaint alleging that his constitutional rights were violated while he was in custody at the Vernon C. Bain Center ("VCB Center") on Rikers Island. On November 1, 2021, Chief Judge Swain severed the original action into individual cases, including Goring's. On December 9, 2021, this Court directed the New York City Law Department to identify the defendant "Captain John Doe" on duty during the day of the complained of conduct, and ordered Plaintiff to file an amended complaint, naming the newly identified individual as a defendant, within 30 days of receiving that information. On March 7, 2022, defense

counsel notified the Court that three captains had been identified and that she had served Plaintiff with their names by mail at the VCB Center. The next day, defense counsel informed the Court that Plaintiff was no longer in custody of the Department of Correction. On March 10, 2022, Plaintiff failed to appear for an initial case management conference with Magistrate Judge Parker. That same day, Judge Parker issued a briefing schedule on Defendants' motion to dismiss, and instructed Defendants to obtain Plaintiff's updated contact information from the Department of Correction and mail him a copy of the order. On March 23, 2022, an order from the Court dated February 9, 2022 and mailed to Plaintiff's VCB Center address, was returned as undeliverable with no forwarding address.

On April 22, 2022, defense counsel notified the Court that she had communicated with Plaintiff by phone and email "for the first time" and had informed Plaintiff that he was ordered to amend the complaint and to update the Court with his address. On April 29, 2022, Defendants filed their motion to dismiss. On August 8, 2022, after Plaintiff failed to amend his complaint or otherwise respond, the Court directed him to submit his opposition by August 30, 2022, and reminded him of his obligation to notify the Court of any change of address—and that "the Court may dismiss the action if Plaintiff fails to do so." On September 1, 2022, the Court again issued an order directing Plaintiff to file an opposition, or a letter indicating that he intends to pursue this action, and warned that failure to do so could result in dismissal. After receiving no communication from Plaintiff, on October 17, 2022, the Court issued a final order, warning that "[i]f Plaintiff fails to respond to the Court's September 1, 2022 order by November 11, 2022, the Court will dismiss this action for failure to prosecute." *Id.* Plaintiff did not comply with that order; indeed, he has not responded or communicated with the Court since the complaint was filed.

2

**LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

**DISCUSSION**

As an initial matter, the Court notes that litigants, including those proceeding *pro se*, have an obligation to inform the Court and other parties of any change of address, as they are instructed in the information package mailed to *pro se* plaintiffs when the action is initiated. If a *pro se* plaintiff fails to prosecute his case and apprise the Court of their current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure],

3

for failure to prosecute." *Mercedes v. New York D.O.C.*, 12-CV-2293 (LTS) (DF), 2013 WL 6153208, at *2 (S.D.N.Y. Nov. 21, 2013) (citations omitted). *See Ortiz v. United States*, 01-CV-4665 (AKH), 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing case for failure to prosecute where "[p]laintiff has not even fulfilled his minimal obligation to keep the pro se office of this Court informed of his change of address"). Although the Court's orders mailed to Plaintiff since February 9, 2022 have been returned as undeliverable and Plaintiff is no longer in custody, "[t]his should have no bearing on the dismissal … as it was [P]laintiff's responsibility to apprise the Court of his current address." *Wilson v. New York City Corp. Couns.*, No. 07-CV-3658 (JSR), 2008 WL 516014, at *1 (S.D.N.Y. Feb. 27, 2008). Indeed, in its August 8, 2022 order, the Court reminded Plaintiff that "it is his obligation to promptly submit a written notification to the Court if his address changes," and that "the Court may dismiss the action if Plaintiff fails to do so." Moreover, here, defense counsel personally advised Plaintiff by phone of his responsibility to update the Court with his address.

The relevant factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in the nearly thirteen months since this case was initiated, and more than three months have passed since Plaintiff's response to the Court's August 8, 2022 order was due. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months"); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10-CV-5354, 2014 WL 2535111, at *2

(S.D.N.Y. June 5, 2014) (R. & R.) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015).  As to the second factor, Plaintiff was on notice that his failure to comply would result in dismissal. The Court's October 17, 2022 order expressly warned Plaintiff that this action would be dismissed if he failed to respond. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiff has been given an opportunity to be heard and was specifically instructed that he was required only to indicate that he still sought to pursue this action to avoid dismissal. Fourth, this case has been pending for more than one year, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1. "[I]t is not an efficient use of the Court's ... resources to permit this case to languish on the docket in the hope that [Plaintiff] will reappear in the future." *Blake v. Payane*, No. 08-CV-0930 (PAC) (PED), 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011) (internal citations omitted). In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, and in light of Plaintiff's *pro se* status, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Defendants has been minor: this case is at an early stage, and based on the record, it does not appear that the delay "caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself." *LeSane*, 239 F.3d at 210. Moreover, this action has not substantially burdened the Court's docket: the Court has not decided any substantive motions, presided over any discovery, or scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiffs'

failure to communicate with the Court or to comply with the Court's orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity") (internal quotation marks omitted); *see* also 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include ... dismissal without prejudice …").

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated:    December 9, 2022
          New York, New York

_____
Hon. Ronnie Abrams
United States District Judge

6